# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| DEXTER W. WHITE, *et al.*, | ) |
| | ) Case No. 1:11-cv-294 |
| *Plaintiffs*, | ) |
| | ) Judge Travis R. McDonough |
| v. | ) |
| | ) Magistrate Judge Christopher H. Steger |
| GRANT PARKER, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

## ORDER

On February 20, 2018, United States Magistrate Judge Christopher H. Steger filed his report and recommendation (Doc. 224) pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Magistrate Judge Steger recommended that:

1. The motion for default judgment filed by Plaintiffs Dexter W. White, Wayne Brantley, and David Hill and Defendants/Third-Party Plaintiffs Grant Parker, Parker White, LLC, and Colorscapes, Inc. (collectively "Plaintiffs") (Doc. 194) be granted and that judgment be entered in favor of Plaintiffs against Defendants Cuauthomee Burris, Able Title Insurance Company, Inc., Jo Ann Luna, Timothy Grossi, Gene Nowack a/k/a Eugene Z. Nowak, and LaCoulton J. Walls (collectively "Defendants");

2. Damages be awarded to Plaintiffs from Defendants jointly and severally as follows:

    a. $608,800.00 to Dexter W. White;

    b. $20,000.00 to David Hill;

    c. $255,000.00 to Wayne Brantley; and

      d. $1,601,200.00 to Grant Parker, Park White, LLC, and Colorscapes, Inc., collectively;

3. Post-judgment interest be awarded pursuant to 28 U.S.C. § 1961.

No party has filed an objection to Magistrate Judge Steger's report and recommendation.[1] Nevertheless, the Court has conducted a review of the report and recommendation, as well as the record, and it agrees with Magistrate Judge Steger's well-reasoned conclusions. Accordingly, the Court will **ACCEPT** and **ADOPT** Magistrate Judge Steger's report and recommendation (Doc. 224) and **GRANT** Plaintiffs' motion for default judgment (Doc. 194).

      **AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[1] Magistrate Judge Steger specifically advised the parties that they had fourteen days in which to object to the report and recommendation and that failure to do so would waive their right to appeal. (Doc. 224, at 16 n.7); *see* Fed. R. Civ. P. 72(b)(2); *see also Thomas v. Arn*, 474 U.S. 140, 148–51 (1985) (noting that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). Even taking into account the three additional days for service provided by Federal Rule of Civil Procedure 6(d), the period in which the parties could timely file any objections has now expired.